IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00016-RLV

| | |
|---|---|
| CARL CUPID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ECKERD YOUTH ALTERNATIVES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Strike Exhibit A to the Complaint and Paragraph 9 of the Document Entitled "A2." (Doc. 6.)

## I. BACKGROUND

Plaintiff Cupid, proceeding pro se, brought this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, for Defendant's failure to award him a promotion. (Doc. 1 at 4.) Plaintiff seems to have satisfied the administrative exhaustion requirement, and the Equal Employment Opportunity Commission ("EEOC") issued a Determination, finding reasonable cause to believe that a violation had occurred, as well as a Notice of Right to Sue. Plaintiff attached both documents to his form complaint, which was apparently obtained via the District Court's website at http://www.ncwd.uscourts.gov/Documents/Forms/EEOC_Complaint.pdf. Though the form complaint instructs the filer to attach the EEOC Notice of Right to Sue, it is silent as to a determination letter. It is the attachment of and reference to this letter to which Defendant here objects.

## II. STANDARD OF REVIEW

"The court may strike from a pleading . . . any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is timely if made by a party before responding to a pleading. Fed. R. Civ. P. 12(f)(2). Although courts have broad discretion in disposing of motions to strike, such motions "are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal quotation marks and citations omitted); *see Brown v. Inst. for Family Centered Servs., Inc.*, 394 F.Supp.2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted, the allegations must be the type envisioned by the rule and prejudicial." (citations omitted)). "A motion to strike places a sizable burden on the movant and would typically require a showing that denial of the motion would prejudice the movant." *Miller v. Rutherford County*, No. 1:08-441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (Thornburg, J.) (internal quotation marks and citations omitted).

### III. DISCUSSION

In its timely Motion to Strike, Defendant argues that the copy of the EEOC's Determination of Plaintiff's charge of discrimination is immaterial, impertinent, scandalous, and prejudicial, and requests that the attachment (Doc. 1-1) and referencing paragraph (Doc. 1 at 5 ¶ 9) be stricken from the Complaint. (Doc. 6 at 1.)

The EEOC's Determination reads, in pertinent part, as follows:

The evidence obtained during the investigation establishes that the Charging Party applied for the position of Family Worker on or about October 6, 2008 and was subsequently interviewed. The evidence shows that the Respondent posted the position subsequent to the Charging Party applying, and the Respondent subsequently hired two White individuals who were less qualified than the Charging Party. Accordingly, there is reasonable cause to believe that the Respondent discriminated against the Charging Party based on his race, Black, in violation of

2

Title VII, by failing to promote him to the position of Family Worker. (Doc. 1-1 at 1.) Plaintiff cannot use the EEOC's findings to compel a finding of discrimination given the Court's de novo review of the discrimination claim, and such conclusory findings encroach upon the province of the factfinder. *See Laber v. Harvey*, 438 F.3d 404, 420 (4th Cir. 2006) (discussing *Chandler v. Roudebush*, 425 U.S. 840 (1976)); *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 n.4 (4th Cir. 1988) (citations omitted) (deeming the general admission of an EEOC Determination to be within the discretion of the district court, based upon a determination of whether such admission may be more prejudicial than probative); *contra Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981) (concluding that "EEOC determination[s], prepared by professional investigators on behalf of an impartial agency, [are] held to be a highly probative evaluation of an individual's discrimination complaint" and are therefore per se admissible).

Little more than a recitation of Plaintiff's allegations, the EEOC's Determination is conclusory, and as regards its attachment to and reference within the Complaint, the Court believes its prejudicial impact to outweigh its probative value. *Cf. Moss v. Lane Co.*, 50 F.R.D. 122, 127 (W.D. Va. 1970); *Chapman v. Duke Energy Carolinas, LLC*, No. 3:09-37, 2009 WL 1652463, at *2 (W.D.N.C. June 11, 2009) (Conrad, J.). Therefore, it is to be stricken.

## IV. CONCLUSION

Although motions to strike are generally disfavored, Defendant has met its burden of proving that the EEOC's findings are prejudicial and immaterial, and therefore should be stricken. **IT IS, THEREFORE, ORDERED** that Defendant's Motion to Strike (Doc. 6) be **GRANTED**.

Signed: April 5, 2012

Richard L. Voorhees
United States District Judge