IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00016-RLV

| | |
|---|---|
| CARL CUPID, | ) |
|       Plaintiff, | ) |
| v. | )    **MEMORANDUM AND ORDER** |
| ECKERD YOUTH ALTERNATIVES, | ) |
|       Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss for Lack of Prosecution. (Doc. 18.)

Pursuant to Local Rule 16.1, the parties are required to conduct a Rule 26 case management conference within fourteen days after the Answer to the Complaint is filed. Defendant timely filed its Answer on April 17, 2012, and despite its best efforts to engage pro se Plaintiff Cupid, Defendant has received no response. Defendant now moves to dismiss with prejudice this action for failure to prosecute and failure to comply with the Local Rules. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *McIntosh v. Gauthier*, 182 Fed. App'x 884, 886 (11th Cir. 2006) ("A district court also has authority under Rule 41(b) to dismiss actions for failure to comply with local rules."). In the alternative, Defendant requests entry of a case management order based on its proposed case management schedule.

"A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d

1

69, 70 (4th Cir. 1978) (citations omitted). "Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion'; and (4) the effectiveness of sanctions less drastic than dismissal. *Id.* (citation omitted). In light of these factors, the Court deems dismissal at this stage inappropriate.

Plaintiff, while personally responsible for taking action to advance his claims, is without guidance of counsel, and so informalities are expected to be tolerated to some extent. Additionally, despite Defendant's contentions, Defendant has endured no "severe, unfair prejudice." (Doc. 19 at 3.) While discovery cannot proceed until a case management order is entered, Defendant likewise does yet not endure the potentially substantial costs of discovery. Defendant's listed concerns thus do not overshadow the concern for meaningful access to the courts for the pro se litigant. (*See* Doc. 19 at 3–4.) Furthermore, Defendant notes that "Plaintiff does *not* have a history of being dilatory." (Doc. 19 at 4) (emphasis added) (suggesting this to mean that Plaintiff has likely abandoned his claims). Finally, the Court is not convinced that sanctions other than dismissal would be ineffective. Therefore, *Plaintiff Cupid shall have thirty days from the date this Order is filed to communicate with Defendant Eckard Youth Alternatives and conduct a Rule 26 case management conference.* If Plaintiff Cupid does not comply with this directive, *his case may be dismissed and he may be barred from brining a later action on the same claims*.

This decision thus comports with the fair notice rule, requiring that a pro se plaintiff be informed that his continued failure to respond may result in dismissal. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("[A] pro se plaintiff is entitled to [a form of

2

notice or other] reasonable safeguard when confronted with the possibility of summary disposition of his case."); *Evans v. Caldera*, 9 Fed. App'x 279, 280 (4th Cir. 2001) (applying the rule to a non-inmate); *cf. Hudson v. Hardy*, 412 F.2d 1091 (D.C. Cir. 1968) (per curiam) (the seminal "fair notice" case, which devised the rule that district courts should provide pro se prisoners with "fair notice of the requirements of the summary judgment rule").

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. 18) be **DENIED** without prejudice. After thirty days from the date this Order is filed, Defendant may renew its Motion for the Court's consideration.

Signed: May 9, 2012

Richard L. Voorhees
United States District Judge