IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00016-RLV

| | |
|---|---|
| CARL CUPID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| ECKERD YOUTH ALTERNATIVES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Second Motion to Dismiss for Lack of Prosecution. (Doc. 21.)

On May 9, 2012, the Court issued an Order denying without prejudice Defendant's First Motion to Dismiss for Lack of Prosecution. (Doc. 20.) Therein, the Court directed Plaintiff Cupid to communicate with Defendant Eckerd Youth Alternatives and to conduct a Rule 26 case management conference within thirty days of the date the Order was filed. (Doc. 20 at 2.) The Court further warned that if Plaintiff were to fail to comply with this directive, his case may be dismissed, and he may be barred from bringing a later action on the same claims. (Doc. 20 at 2.)

More than thirty days have passed since the issuance of the Court's prior Order, and Plaintiff has not contacted Defendant's counsel or filed anything with the Court. (Doc. 22 at 2.) As noted in the Court's prior Order, although "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), "[a] dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits,'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted).

1

"Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a 'drawn out history' of 'deliberately proceeding in a dilatory fashion'; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (citation omitted). In light of these factors, the Court deems dismissal at this stage appropriate.

Plaintiff is personally responsible for taking action to advance his claims and has disregarded this Court's directives, despite having been warned of the Court's contemplation of dismissal upon further inaction. Additionally, the prejudice endured by Defendant increases as time continues to pass. As Defendant has noted, this case is already over a year old, and almost four years have passed since Plaintiff's employment was terminated. (Doc. 22 at 3.) Over such a time, memories may fade, evidence may be lost, and the burden of anxiety stemming from litigation may increase. While the Court previously found such prejudice not to be severely unfair, these considerations do add a measure of weight in favor of granting Defendant's Motion. Finally, Plaintiff's disregard of the Court's prior Order indicates both Plaintiff's deliberateness in being dilatory as well as the ineffectiveness of a mere warning.[1]

---

[1] The Court's prior order comported with the fair notice rule, requiring that a pro se plaintiff be informed that his continued failure to respond may result in dismissal. (*See* Doc. 20 at 2–3.)

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (Doc. 21) be **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority.

Signed: June 15, 2012

Richard L. Voorhees
United States District Judge

3